**JIAN YING ZHANG, Petitioner,**

v.

**Alberto R. GONZALES,[1] Respondent.**

**No. 03–40905–ag.**

United States Court of Appeals,
Second Circuit.

Oct. 13, 2006.

Gonzales is automatically substituted for former Attorney General John Ashcroft.

Gerald Karikari, New York, New York, for Petitioner.

Richard B. Roper, United States Attorney for the Northern District of Texas, Steven M. Sucsy, Assistant United States Attorney, Lubbock, Texas, for Respondent.

PRESENT: Hon. DENNIS JACOBS, Hon. GUIDO CALABRESI, Hon. PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

Jian Ying Zhang, a native and citizen of the People's Republic of China ("China"), seeks review of an October 31, 2003 order of the Board of Immigration Appeals ("BIA") affirming the April 5, 2002 decision of Immigration Judge ("IJ") Patricia A. Rohan denying petitioner's applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Zhang, Jian Ying,* No. A78 226 111 (B.I.A. Oct. 31, 2003), *aff'g* No. A78 226 111 (Immig. Ct. N.Y. City Apr. 5, 2003). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA summarily affirms the decision of the IJ without issuing an opinion, *see* 8 C.F.R. § 1003.1(e)(4), this Court reviews the IJ's decision as the final agency determination. *See, e.g., Twum v. INS,* 411 F.3d 54, 58 (2d Cir.2005); *Yu Sheng Zhang v. U.S. Dep't of Justice,* 362 F.3d 155, 159 (2d Cir.2004). This Court reviews the agency's factual findings under the substantial evidence standard.

The IJ found Zhang incredible because, although he claimed in his asylum application, and his wife claimed in her letter to the IJ, that his wife was forcibly aborted in both 1997 and 1999, Zhang initially testified to only the 1999 alleged abortion, and "recalled" the alleged 1997 abortion only after he was repeatedly asked by his attorney about other acts of persecution that he had undergone. Moreover, the IJ noted that when Zhang was questioned on direct examination concerning the persecution he suffered in China, he discussed the birth of his child and claimed that his wife had been pregnant only two times, the second pregnancy taking place in 1999, when she was forced to undergo an abortion and only on cross examination did he claim that his wife had been pregnant three times. The IJ's findings are supported by substantial evidence in the record and involve the heart of Zhang's asylum claim. *See Secaida–Rosales v. INS,* 331 F.3d 297, 308 (2d Cir.2003). Further, the IJ considered and reasonably dismissed Zhang's explanations for why he did not testify about the alleged 1997 abortion, even after being twice prodded by his attorney to state any

other problems the couple had with the family planning authorities, and for why he originally claimed that his wife had only been pregnant two times. The IJ also reasonably found Zhang incredible based both on inconsistencies with his time line of events surrounding the alleged 1999 abortion, and on his apparently memorized testimony with respect to that time line. *See Tu Lin v. Gonzales*, 446 F.3d 395, 400 (2d Cir.2006); *Zhou Yun Zhang v. INS*, 386 F.3d 66, 73–74 (2d Cir.2004).

These findings are sufficient for us to uphold the IJ's decision. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 434 F.3d 144, 159–65 (2d Cir.2006). Since the only evidence of a threat of future persecution to Zhang depended upon his credibility, the adverse credibility determination in this case necessarily precludes success on Zhang's claims of a well-founded fear of persecution and for withholding of removal on that basis. *See Paul v. Gonzales*, 444 F.3d 148, 154 (2d Cir.2006) (holding that for an applicant who has been determined to be incredible to prevail on a future persecution claim, the predicate of that claim must be independent of the testimony that the IJ found to be incredible); *Wu Biao Chen v. INS*, 344 F.3d 272, 275 (2d Cir.2003). Because Zhang does not raise his CAT claim in his brief to this Court, that claim is waived. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 542 n. 1, 545 n. 7 (2d Cir.2005).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appel-

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for for-

late Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).